JS 44  (Rev. 02/19)                          **CIVIL COVER SHEET**

19   2316

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Dennis Jackson | Jerome Nolan, Truck Brothers Interstate Incorporated; and Truck Brothers, Inc. |
| **(b)** County of Residence of First Listed Plaintiff   Dauphin County, PA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Milwaukee County, WI<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Metzger, Wickersham, Knauss & Erb, 2321 Paxton Church Road,<br>P.O. Box 69200, Harrisburg, PA  17106-9200; (717) 238-8187 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                         Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☒ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Personal injury sustained in a motor vehicle accident caused by Defendants

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  > 75,001.00

CHECK YES only if demanded in complaint:
JURY DEMAND   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

MAY 28 2019

DATE  5/23/19         SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*FL*

*JFL*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

5:19-CV-2316

19    2316

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Dennis Jackson, 800 Yale St., Apt. 201, Harrisburg, PA 17111 _____

Address of Defendant: _____ Jerome Nolan, 834 N. 35th St., Milwaukee, WI 53208 (see page 2) _____

Place of Accident, Incident or Transaction: _____ Rte 78, Upper Macungie Twp, Lehigh County, Pennsylvania _____

*A/R*

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/23/2019   _____   93177

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☑ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Zachary D. Campbell _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

MAY 28 2019

DATE: 05/23/2019   _____   93177

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

Page 2 – Designation Form

Address of Defendant:

Jerome Nolan, 834 North 35th Street, Milwaukee, WI  53208; or
40 Briarwood Avenue, Keansburg, NJ  07734

Truck Brothers Interstate Incorporated, 1912 Clydesdale Drive,
Wheaton, IL  60189

Truck Brothers, Inc.,  1912 Clydesdale Drive, Wheaton, IL  60189

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dennis Jackson | : | CIVIL ACTION |
| v. | : | |
| Jerome Nolan, et al. | : | NO. 19   2316 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| 05/23/2019 | Zachary D. Campbell | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (717) 238-8187 | (717) 234-9478 | zdc@mwke.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 28 2019




19    2316

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JACKSON | : | |
| 800 Yale Street | : | |
| Apartment 201 | : | |
| Harrisburg, PA  17111 | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | ASSIGNED TO JUDGE _____ |
| | : | |
| JEROME NOLAN | : | |
| 834 North 35th Street | : | |
| Milwaukee, WI  53208 | : | |
| -or- | : | |
| 40 Briarwood Avenue | : | |
| Keansburg, NJ  07734 | : | |
| | : | |
| TRUCK BROTHERS | : | |
| INTERSTATE INCORPORATED | : | |
| 1912 Clydesdale Drive | : | |
| Wheaton, IL  60189 | : | |
| | : | |

TRUCK BROTHERS, INC.        :
1912 Clydesdale Drive           :
Wheaton, IL 60189             :
                                      :
              Defendants     :   JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, comes the Plaintiff, Dennis Jackson, by and through his attorneys, Metzger, Wickersham, Knauss & Erb, P.C., and respectfully represent the following:

## FACTS APPLICABLE TO ALL COUNTS

1.    Plaintiff, Dennis Jackson, is an adult individual, who resides at 800 Yale Street, Apartment 201, Harrisburg, Dauphin County, Pennsylvania.

2.    Defendant, Jerome Nolan, is an adult individual with a last known address of 834 North 35th Street, Milwaukee, Wisconsin; or 40 Briarwood Avenue, Keansburg, New Jersey.

3.    Defendant, Truck Brothers Interstate Incorporated, is an Illinois corporation with an office and place of business at 1912 Clydesdale Drive, Wheaton, Illinois.

4.    Defendant, Truck Brothers, Inc., is an Illinois corporation with an office and place of business at 1912 Clydesdale Drive, Wheaton, Illinois.

5.    At all times herein and material hereto, Defendant, Jerome Nolan, was the duly authorized agent, servant, workman and/or employee of Defendant, Truck

Brothers Interstate Incorporated and/or Truck Brothers, Inc., acting within the course and scope of his employment, and their authority and/or for a purpose and/or for the benefit of Defendant, Truck Brothers Interstate Incorporated and/or Truck Brothers, Inc.

6.     At all times relevant hereto, and at the time of the accident described herein, Defendant, Truck Brothers Interstate Incorporated and/or Truck Brothers, Inc., controlled and had a right to control the manner in which Defendant, Jerome Nolan, performed his employment duties, including the operation of his tractor-trailer on the highway and all other aspects of his employment.

7.     This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

8.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

9.     The facts and circumstances hereinafter set forth occurred on June 24, 2017, at or about 1:40 A.M. on Interstate 78, Upper Macungie Township, Lehigh County, Pennsylvania.

10.     At the aforesaid time and place, Plaintiff, Dennis Jackson, was the owner and operator of a 2013 Volvo tractor bearing Pennsylvania License Plate No. AG58783 having a 2007 Wabash National trailer.

11.    At the aforesaid time and place, Defendant, Jerome Nolan, was the operator of a 2005 Volvo tractor bearing Illinois License Plate No. P916817 having a 2017 Vanguard trailer.

12.    At the aforesaid time and place, Defendant Nolan was operating the 2005 tractor and 2017 trailer with the permission of Defendants, Truck Brothers Interstate Incorporated and/or Truck Brothers, Inc., and within the scope of his authority and employment with said Defendants, who had the right to control his operation of the tractor-trailer under applicable governmental laws and regulations.

13.    At the aforesaid time and place, the 2005 Volvo tractor operated by Defendant, Jerome Nolan, was owned by Defendant, Truck Brothers Interstate Incorporated and/or Truck Brothers, Inc.

14.    At the aforesaid time and place, the tractor-trailer operated by Plaintiff was traveling west, in the left-hand lane of Interstate 78, in Upper Macungie Township, Lehigh County, Pennsylvania.

15.    At the aforesaid time and place, Defendant, Jerome Nolan, was traveling east, in the left-hand lane of Interstate 78, in Upper Macungie Township, Lehigh County, Pennsylvania.

16.    Defendant, Jerome Nolan, approached a right curve in the roadway at a high rate of speed while it was raining.

17.   As Defendant, Jerome Nolan, attempted to negotiate the curve, he lost control of his tractor-trailer and crashed through the median and into the westbound lanes of Interstate 78.

18.   Defendant, Jerome Nolan's trailer struck Plaintiff's tractor.

19.   Plaintiff sustained damages and injuries as a result of collision.

## COUNT I
## Dennis Jackson v. Jerome Nolan

20.   Paragraphs 1 through 19 hereof are incorporated herein by reference as if fully set forth.

21.   Defendant, Jerome Nolan, either individually and/or jointly and severally, owed a duty to Plaintiff, Dennis Jackson, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the tractor-trailer he was driving in such a way as not to cause harm or damage to the Plaintiff.

22.   The aforesaid collision was the direct and proximate result of the negligence of the Defendant, Jerome Nolan, in operating the 2005 Volvo tractor-trailer in a careless and negligent manner as follows:

   a.   Failing to drive on the right side of the roadway in violation of 75 Pa. C.S.A. §3311 and applicable law;

   b.   Driving over, across or within a dividing space, barrier or section in violation of 75 Pa. C.S.A. §3311 and applicable law;

   c.   Failing to drive on the right side of the roadway in violation of 75 Pa. C.S.A. §3301 and applicable law;

d.     Driving on the left side of the roadway when not safe to do so in violation of 75 Pa. C.S.A. §3306 and applicable law;

e.     Driving on the left side of the roadway within a no passing zone in violation of 75 Pa.C.S.A. §3307 and applicable law;

f.     Failing to pass to the right in violation of 75 Pa.C.S.A. §3302 and applicable law;

g.     Failing to take proper precautions where there was water on the roadway;

h.     Failing to properly handle or avoid a hydroplane;

i.     Failing to be attentive to conditions on the roadway;

j.     Operating the tractor-trailer in careless disregard for the safety of persons and/or property in violation of 75 Pa.C.S.A. §3714 and applicable law;

k.     Failing to drive the tractor-trailer in a single lane and moving from the lane when he could not do so safely in violation of 75 Pa. C.S.A. §3309(1) and applicable law;

l.     Failing to drive at a safe speed for conditions including a curve, narrow or winding roadway and/or weather conditions in violation of 75 Pa. C.S.A. §3361 and applicable law;

m.     Failing to yield to Plaintiff's tractor-trailer;

n.     Failing to return his tractor-trailer to the authorized lane of travel as soon as practicable and without interfering with Plaintiff's tractor-trailer in violation of 75 Pa. C.S.A. §3305 and applicable law;

o.     Failing to yield the right-of-way to oncoming traffic;

p.     Not being familiar with the route of travel or not utilizing proper directions;

q.    Failing to observe Plaintiff's tractor-trailer on the roadway;

r.    Failing to maintain adequate control of the tractor-trailer he was operating in order to avoid a collision;

s.    Failing to give warning to Plaintiff of his impending collision with Plaintiff's tractor-trailer;

t.    Failing to keep his tractor-trailer under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

u.    Failing to keep alert and maintain a proper lookout for the presence of other motor vehicle on the streets and highways;

v.    In failing to yield the right-of-way to traffic already upon the highway;

w.    In operating the tractor-trailer so as to create a dangerous situation for other motor vehicles on the roadway;

x.    Failing to pay attention or keep alert for other motor vehicles on the roadway;

y.    Driving too fast for conditions;

z.    Over/under compensating at a curve in the roadway;

aa.   Operating the tractor trailer when it is not safe to do so because of weather conditions;

bb.   Failing to inspect, maintain and ensure an adequate braking system in the tractor trailer;

cc.   Driving his vehicle at an unsafe speed under the conditions and hazards existing in violation of 75 Pa.C.S.A. §3361 and applicable law;

dd.   Failing to have his vehicle under proper and adequate control;

ee.   Operating his vehicle at an excessive rate of speed under the circumstances;

ff.   Cutting off Plaintiff's vehicle;

gg.   Driving through the concrete median of the highway;

hh.   Improperly changing lanes;

ii.   Operating his vehicle while distracted;

jj.   Exceeding the maximum lawful speed on the roadway in violation of 75 Pa.C.S.A. §3362 and applicable law;

kk.   Failing to obey traffic control devices in violation of 75 Pa. C.S.A. §3111 and applicable law;

ll.   In failing to apply the brakes to the tractor-trailer he was operating or take other evasive action to avoid a collision with Plaintiff's tractor-trailer;

mm.   Failing to have a safe and operative braking system in violation of 75 Pa. C.S.A. §4502 and applicable law;

nn.   Failing to properly negotiate the curve in the road;

oo.   Failing to drive at a safe speed to negotiate the roadway and avoid other traffic;

pp.   Cutting the corner and losing control of the tractor trailer;

qq.   Failing to slow down around the curve;

rr.   In failing to operate his tractor-trailer with a higher standard of care as required by a commercial driver;

ss.   In failing to keep the tractor-trailer within the proper lane;

tt.   Colliding into Plaintiff's tractor-trailer;

uu.   Operating his tractor-trailer at an unsafe speed in violation of Part 392.6 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in violation of 49 CFR §392.6;

vv.   Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in violation of 49 CFR §392.2;

ww.   Operating his tractor-trailer in an unsafe condition in violation of Part 396.7 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation;

xx.   Operating the tractor-trailer while tired, fatigued and/or under a physical or mental condition that impaired his ability to safely operate the vehicle in violation of 49 CFR §392.3;

yy.   Operating his tractor-trailer in an unsafe manner in violation of 69 Pa. Code §229 and 69 Pa. Code §231;

zz.   Operating his tractor-trailer, or failing to take the necessary precautions under hazardous conditions in violation of 49 CFR §392.14;

aaa.   Driving the tractor trailer when not qualified to do so in violation of 49 CRF §391.11;

bbb.   Failing to have the knowledge and skills necessary to operate the tractor trailer safely in violation of 49 CFR §383.110; 49 CFR §383.111(a), (b), (c); and 49 CFR §383.113;

ccc.   Failing to have an adequate brake system on the tractor trailer in violation of 49 CFR §393.40;

ddd.   Failing to properly maintain and inspect the tractor trailer to ensure it was in a safe operating condition in violation of 49 CFR §396.3 and §396.13;

eee.   Operating his tractor-trailer while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §3316 and applicable law;

fff.    Texting while driving in violation of 75 Pa. C.S.A. §1621 and 49 CFR §392.80;

ggg.    Operating his tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and 49 CFR §392.82; and

hhh.    Failing to comply with commercial driver requirements in violation of 75 Pa. C.S.A. §1601 to §1620 and applicable law.

23.    As a direct and proximate result of the collision and the negligent and careless conduct of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, sustained and in the future may sustain, serious and debilitating injuries, some of which are or may be permanent, an aggravation and/or exacerbation of pre-existing conditions, and which include, but are not limited to, the following:

a.    Head pain/injury;
b.    Headaches;
c.    Right shoulder pain/injury;
d.    Right arm pain/injury;
e.    Right knee pain/injury;
f.    Right leg pain/injury;
g.    Right upper tooth injury;
h.    Back pain/injury; and
i.    Abrasions/lacerations.

24.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has undergone and in the future will undergo

physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of his ability to enjoy the pleasures of life and limitations in his pursuit of daily activities for which damages are claimed.

25.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has and/or may in the future incur expenses for medical treatment, surgery and rehabilitation for which damages are claimed.

26.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has and/or may in the future incur a loss of income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

27.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has lost the use of his tractor to earn a living for which damages are claimed.

28.  As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has sustained a permanent serious impairment

which will require future medical treatment and medical appliances for which damages are claimed.

29.   As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

30.   As a direct and proximate result of the aforesaid collision and the negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, sustained incidental costs and losses to include, but not limited to, mileage and transportation costs, past and future medication costs and medical appliance costs for which all damages are claimed.

31.   As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Jerome Nolan, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, has been, or may in the future be, scarred, deformed and disfigured for which damages are claimed.


WHEREFORE, Plaintiff, Dennis Jackson, demands judgment in his favor and against Defendant, Jerome Nolan, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT II
### Dennis Jackson v. Truck Brothers Interstate Incorporated

32.    Paragraphs 1 through 30 hereof are incorporated herein by reference as if fully set forth.

33.    At all times relevant hereto, Defendant, Jerome Nolan, was an employee, servant, workman and/or agent of Defendant, Truck Brothers Interstate Incorporated, and was acting within the scope of his employment with Defendant, Truck Brothers Interstate Incorporated.  Defendant, Truck Brothers Interstate Incorporated, either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

34.    In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Truck Brothers Interstate Incorporated, either individually and/or jointly and severally, was also negligent and careless as follows:

    a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its tractor-trailers;

b.     Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its tractor-trailers;

c.     Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its tractor-trailers;

d.     Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its tractor-trailers;

e.     Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its tractor-trailers;

f.     Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its tractor-trailers by its employees, servants, workmen and/or agents;

g.     Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.     Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.     Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its tractor-trailer, due to lack of training, licensing and/or prior unsafe driving;

j.     Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.     Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held

mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.   Failing to enforce its employee manuals and/or training procedures;

n.   Failing to enforce both the written and unwritten policies of Truck Brothers Interstate Incorporated;

o.   Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Truck Brothers Interstate Incorporated;

p.   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

q.   Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

r.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.   Failing to use a high degree of care as a commercial carrier in the operation of its tractor-trailer;

t.   Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.  Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.  Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.  Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.110-383.113;

x.  Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

y.  Allowing its employee, servant, workman and/or agent to operate its vehicle while tired, fatigued and/or under a physical or mental condition that impaired its driver's ability to safely operate the vehicle in violation of 49 CFR §392.3 and applicable law;

z.  Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

aa.  Failing to ensure the carriers with whom they contract or ship with that they provide competent drivers to ship its goods and not endanger other motorists;

bb.  Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

cc.  Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle;

dd.  Failing to properly train and/or enforce its rules on the proper precautions to take when drivers encounter hazardous conditions on the roadway;

ee.   Failing to properly train and/or enforce its rules on the proper precautions to take when drivers encounter water on the roadway;

ff.   Failing to properly train and/or enforce its rules on the speed to drive when encountering water on the roadway or during hazardous conditions;

gg.   Failing to properly train and/or enforce its rules on how a driver should handle a hydroplane situation; and

hh.   Allowing drivers to violate hours of service requirements or exceed maximum highway speeds in violation of State and Federal Motor Vehicle Carrier Regulations.

35.   As a result of the aforesaid negligence and carelessness of Defendant, Truck Brothers Interstate Incorporated, either individually and/or jointly and severally, Plaintiff, Dennis Jackson, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Dennis Jackson, demands judgment in his favor and against Defendant, Truck Brothers Interstate Incorporated, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT III
## Dennis Jackson v. Truck Brothers, Inc.

36.     Paragraphs 1 through 34 hereof are incorporated herein by reference as if fully set forth.

37.     At all times relevant hereto, Defendant, Jerome Nolan, was an employee, servant, workman and/or agent of Defendant, Truck Brothers, Inc., and was acting within the scope of his employment with Defendant, Truck Brothers, Inc.   Defendant, Truck Brothers, Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

38.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant, Truck Brothers, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

     a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its tractor-trailers;

     b.    Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its tractor-trailers;

     c.    Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its tractor-trailers;

d.   Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its tractor-trailers;

e.   Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its tractor-trailers;

f.   Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its tractor-trailers by its employees, servants, workmen and/or agents;

g.   Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.   Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.   Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its tractor-trailer, due to lack of training, licensing and/or prior unsafe driving;

j.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.   Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.  Failing to enforce its employee manuals and/or training procedures;

n.  Failing to enforce both the written and unwritten policies of Truck Brothers Interstate Incorporated;

o.  Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Truck Brothers Interstate Incorporated;

p.  Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

q.  Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

r.  Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.  Failing to use a high degree of care as a commercial carrier in the operation of its tractor-trailer;

t.  Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.  Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.  Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.   Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.110-383.113;

x.   Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

y.   Allowing its employee, servant, workman and/or agent to operate its vehicle while tired, fatigued and/or under a physical or mental condition that impaired its driver's ability to safely operate the vehicle in violation of 49 CFR §392.3 and applicable law;

z.   Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

aa.   Failing to ensure the carriers with whom they contract or ship with that they provide competent drivers to ship its goods and not endanger other motorists;

bb.   Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

cc.   Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle;

dd.   Failing to properly train and/or enforce its rules on the proper precautions to take when drivers encounter hazardous conditions on the roadway;

ee.   Failing to properly train and/or enforce its rules on the proper precautions to take when drivers encounter water on the roadway;

ff.   Failing to properly train and/or enforce its rules on the speed to drive when encountering water on the roadway or during hazardous conditions;

gg.    Failing to properly train and/or enforce its rules on how a driver should handle a hydroplane situation; and

hh.    Allowing drivers to violate hours of service requirements or exceed maximum highway speeds in violation of State and Federal Motor Vehicle Carrier Regulations.

39.    As a result of the aforesaid negligence and carelessness of Defendant, Truck Brothers, Inc., either individually and/or jointly and severally, Plaintiff, Dennis Jackson, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Dennis Jackson, demands judgment in his favor and against Defendant, Truck Brothers, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
Clark DeVere, Esquire
Attorney I.D. No. 68768
Zachary D. Campbell, Esquire
Attorney I.D. No. 93177
2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
(717) 238-8187
(717) 234-9478 (fax)
zdc@mwke.com
Attorneys for Plaintiff

Dated: 5|23|19

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the

Plaintiff and that the facts in the foregoing Complaint, are true and correct to the best

of my knowledge, information, and belief.  I, Zachary D. Campbell, Esquire, further

declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
Clark DeVere, Esquire
Attorney I.D. No. 68768
Zachary D. Campbell, Esquire
Attorney I.D. No. 93177
2321 Paxton Church Road
P.O. Box 69200
Harrisburg, PA 17106-9200
(717) 238-8187
(717) 234-9478 (fax)
zdc@mwke.com
Attorneys for Plaintiff

Dated: 5/23/2019